IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CAMETRA S. RUTH,            ) | |
|                             ) | |
|     Plaintiff,              ) | |
|                             ) | |
| v.                          ) | No. 09-2795-STA-cgc |
|                             ) | |
| SHELBY COUNTY FEDERAL CREDIT ) | |
| UNION f/k/a SHELBY COUNTY    ) | |
| EMPLOYEES FEDERAL CREDIT     ) | |
| UNION and LINDA WINKLER,     ) | |
| PRESIDENT, officially and in her ) | |
| Individual capacity, and     ) | |
| BOARD OF DIRECTORS OF SHELBY ) | |
| COUNTY FEDERAL CREDIT UNION, ) | |
| BENNIE COBB, CHAIRMAN,       ) | |
|                             ) | |
|     Defendants.             ) | |

---

**ORDER GRANTING DEFENDANT WINKLER'S MOTION TO DISMISS**

---

Before the Court is Defendant Linda Winkler's Motion to Dismiss Individual Capacity Claims Pursuant to Title VII (D.E. # 4) filed on December 14, 2009. The undersigned was added as presiding judge in this case on January 13, 2010. To date Plaintiff has not responded to Defendant's Motion. The deadline for amending pleadings, which was March 1, 2010, has now passed. Therefore, Defendant's Motion is **GRANTED**.

**BACKGROUND**

Defendants filed a Notice of Removal in this case on December 9, 2009. Plaintiff's Complaint alleges various claims of discrimination against Defendants pursuant to Title VII and Tennessee common law. Plaintiff made allegations against Defendant Linda Winkler, both in

1

her capacity as president of Defendant Shelby County Federal Employees Credit Union and in her individual capacity.  Compl. ¶ 4.  In the Motion before the Court, Defendant argues that claims under Title VII against Winkler in her individual capacity should be dismissed.  Title VII does not permit an employee to bring suit against a supervisor or other employee.  The Sixth Circuit has held that Congress did not intend for individuals to face personal liability under Title VII for actions taken on behalf of the employer.  For these reasons, the Court should dismiss Plaintiff's Title VII claim against Defendant Winkler in her individual capacity.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1]  However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2]  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5] The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[6] Consequently, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[7] Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[8]

## ANALYSIS

The Sixth Circuit has held that a supervisor who does not otherwise qualify as an employer under Title VII may not be held personally liable for discriminatory acts.[9] In fact, the Sixth Circuit has applied the same rule to other civil rights statutes protecting employees from

---

[5] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[6] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[7] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[8] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[9] *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).

unlawful discrimination.[10]  A supervisor cannot be held personally liable under Title VII.[11]  Title VII defines "employer" to mean "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person . . . ."[12]  An agent could arguably include an individual employee or supervisor.  Notwithstanding the use of the word "agent," the Sixth Circuit has construed the statute to preclude individual liability for supervisors or other employees.[13]  The Sixth Circuit reasoned that "[t]he obvious purpose of this agent provision was to incorporate respondeat superior liability into the statute."[14]  The *Wathen* court went on to conclude that interpreting Title VII's use of the term "agent" to impose individual liability would be inconsistent with other provisions of the statute.[15]

The Court holds that Plaintiff has failed to state any Title VII claims Defendant Winkler in her individual capacity.  According to the Complaint, Winkler was president of Plaintiff's employer and acted as Plaintiff's supervisor.  Accepting this allegation as true, Winkler was a supervisor and did not otherwise qualify as an employer as Title VII defines the term.  While it is true that Winkler was the agent of Plaintiff's employer, the rule in this Circuit is that an agent is

---

[10] *See Hiler v. Brown*, 177 F.3d 542 (6th Cir. 1999) (Rehabilitation Act); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804 (6th Cir. 1999) (ADA)

[11] *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001).

[12] 42 U.S.C. § 2000e(b).

[13] *Wathen*, 115 F.3d at 405.

[14] *Id.* at 405-406 (quotation omitted) (relying on *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 72, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)).

[15] *Wathen*, 115 F.3d at 406 (finding personal liability inconsistent with Title VII's exemption for employers of less than 15 employees and its original remedies for back-pay and reinstatement).

not personally liable for any acts of unlawful discrimination pursuant to Title VII.  Therefore, Defendant Winkler's Motion to Dismiss the Title VII individual capacity claims against her is **GRANTED**.

    **IT IS SO ORDERED**.

                                                     **s/ S. Thomas Anderson**
                                                   S. THOMAS ANDERSON
                                                   UNITED STATES DISTRICT JUDGE

                                                   Date: March 22nd, 2010.